UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONETTE WILSON,

       Plaintiff,

v.

COMCAST CABLE,

       Defendant.

Case No. 14-12218

Hon. Patrick J. Duggan

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Plaintiff Ronnette Wilson, who is proceeding *in forma pauperis*, filed this disability discrimination lawsuit against Defendant Comcast Cable on June 5, 2014. The Court twice required Plaintiff to amend her complaint. Plaintiff filed her second amended complaint on September 23, 2014. On October 14, 2014, Defendant filed a motion to dismiss Plaintiff's second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This motion, to which Plaintiff declined to respond, is presently before the Court. Having determined that oral argument would not significantly aid the decisional process, the Court dispensed with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For the reasons stated herein, the Court grants Defendant's motion.

## I. BACKGROUND

Upon reviewing Plaintiff's June 5, 2014 complaint to ensure that the Court possessed jurisdiction, the Court ordered Plaintiff to file an amended pleading by June 20, 2014, as the threadbare complaint, which sought to state a claim under the Americans with Disabilities Act of 1990 ("ADA"), contained virtually no factual enhancement. Plaintiff complied with this Order and, on June 20, 2014, filed an amended pleading. Plaintiff's amended complaint contained more factual enhancement than her first filing, however, the Court, upon Defendant's motion, dismissed the amended pleading on September 9, 2014 for failure to comply with the Federal Rules of Civil Procedure. The Court ordered Plaintiff to file a second amended complaint by September 23, 2014.[1]

On September 23, 2014, Plaintiff filed an "Amendment Complaint Rule (4)-(H) F. R.C. P," which the Court construes as Plaintiff's second amended complaint. This pleading incorporated some of the suggested changes set forth in the Court's September 9, 2014 Order (for example, Plaintiff named Comcast Cable Communication Management, LLC). Further, the second amended complaint was

---

[1] In its September 9, 2014 Order, the Court also denied Plaintiff's Motion to Dismiss Defendant's pleadings. On September 10, 2014, the Court received another Motion to Strike Defendant's Pleadings, purportedly filed pursuant to Rule 12(f). However, because the amended complaint had been dismissed and because Defendant's motion had been granted, there were simply no pleadings on September 10 to strike or otherwise adjudicate. As such, the Court denied Plaintiff's motion as moot.

properly served on Defendant. However, Plaintiff's second amended complaint fails to set forth any facts concerning her disability, employment, or separation of employment with Comcast.

Defendant filed a motion to dismiss Plaintiff's second amended complaint for failure to state a claim upon which relief can be granted on October 14, 2014. Plaintiff declined to file a response.

## II. GOVERNING LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows the Court to assess whether a plaintiff's pleadings state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010) ("A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations.").

As articulated by the Supreme Court of the United States, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1974 (2007)). "Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief." *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010)

(quotation omitted). This facial plausibility standard requires claimants to put forth "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" the requisite elements of their claims. *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1965. Even though a complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965) (internal citations omitted).

Compared to formal pleadings drafted by lawyers, a generally less stringent standard is applied when construing the allegations pleaded in a *pro se* complaint. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) (reaffirming rule of more liberal construction of *pro se* complaints less than two weeks after issuing *Twombly*). The leniency with which courts construe *pro se* plaintiffs' complaints, however, does not abrogate the basic pleading requirements designed to ensure that courts do "not have to guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). *Pro se* plaintiffs still must provide more than bare assertions of legal conclusions to survive a motion to dismiss. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.

1988)). However, because deficiencies in a pro se plaintiff's complaint are likely attributable to a lack of training, "courts typically permit the losing party leave to amend[,]" even in the absence of a specific request by the non-moving party. *Brown v. Matauszak*, 425 F. App'x 608, 614-15 (6th Cir. 2011) (quotation omitted).

### III.   ANALYSIS

As noted above, Plaintiff's second amended complaint contains no factual enhancement with respect to her underlying claim of discrimination. While Plaintiff's pleading does make reference to the ADA, 42 U.S.C. § 12101, *et seq.*, specifically Titles VII, XVI, and XVL,[2] it does not describe her disability nor does it set forth any facts from which this Court could reasonably infer that Defendant discriminated against Plaintiff on the basis of a disability.

The ADA prohibits covered employers from discriminating against a "qualified individual on the basis of disability" with regard to hiring, advancement, training, termination, and "other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A "qualified individual with a disability" is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Id.* § 12111(8). Despite a thorough review of Plaintiff's second

---

[2] As Defendant points out, the ADA does not contain these titles.

amended complaint, the Court is unable to ascertain the basis for Plaintiff's ADA claim, as Plaintiff does not allege that she has a disability or that Defendant regarded her as having one.

Similar to the plaintiff in *Baker v. Salvation Army*, No. 09-11424, 2011 U.S. Dist. LEXIS 34441 (E.D. Mich. Mar. 30, 2011) (Lawson, J.), Plaintiff's failure to provide any factual enhancement to her conclusory assertion that Defendant violated the ADA is fatal. *Id.* at *7-8 ("The plaintiff has not made an effort to follow the rules by describing the nature of his grievance against the defendant or providing enough notice so that the defendant can defend against the claim."). Although Plaintiff's first amended complaint made reference to congestive heart failure and anxiety, this pleading was dismissed by this Court on September 9, 2014. "[L]iberal treatment of pro se pleadings does not require lenient treatment of substantive law," and ultimately, those who proceed without counsel must still comply with the procedural rules that govern civil cases in the federal courts. *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006); *Whitson v. Union Boiler Co.*, 47 F. App'x 757, 759 (6th Cir. 2002).

Further, the Court notes that there is no indication Plaintiff exhausted her administrative remedies prior to instituting the present action. As a prerequisite to filing suit in federal court under the ADA, a plaintiff must first file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or

the Michigan Department of Civil Rights ("MDCR") and must also receive from either entity a notice of right to sue. 42 U.S.C. § 12117(a); *id.* § 2000e-5; *see also Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 309 (6th Cir. 2000) (explaining that exhaustion of administrative remedies is a condition precedent to bringing a claim under the ADA in federal court).

### IV.   CONCLUSION AND ORDER

For the reasons set forth above, the Court concludes that Plaintiff's second amended complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss Plaintiff's second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED** and Plaintiff's lawsuit is **DISMISSED WITHOUT PREJUDICE**.

Dated: November 24, 2014

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

**Ronnette Wilson**
634 Constitution Street
Canton, MI 48188

**Eric J. Pelton, Esq.**

7